DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-42-FDW

| | |
|---|---|
| JEREMY JACKMAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LANESBORO CORRECTIONAL )<br>INSTITUTION, )<br>FNU KELLY, )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. § 1915(e). Also before the Court is Plaintiff's Application to Proceed in Forma Pauperis. (Doc. No. 2).

The Court first finds that Plaintiff's trust fund account statement shows that as of January 27, 2015, Plaintiff had $0.03 in his inmate trust account. (Doc. No. 5 at 1). The Court will grant Plaintiff's application to proceed in forma pauperis for the limited purpose of this review.

**I.   BACKGROUND**

Pro se Plaintiff Jeremy Jackson is a state court inmate, currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. On January 23, 2015, Plaintiff filed the instant action in this Court pursuant to 42 U.S.C. § 1983. Plaintiff has named as Defendants Lanesboro Correctional Institution and FNU Kelly, identified as a corrections officer at Lanesboro. Plaintiff brings a claim for excessive force under the Eighth Amendment, alleging that on January 1, 2015, Defendant Kelly punched Plaintiff several times in the face and head for no reason. (Doc. No. 1 at 4).

1

## II.     STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at

2

the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

Here, Plaintiff's grievances show that Plaintiff did not exhaust his administrative remedies before bringing this lawsuit. In North Carolina, state prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. See N.C. GEN. STAT. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Plaintiff filed this action on January 23, 2015. Plaintiff filed a grievance on January 2, 2015, based on the alleged excessive force. (Doc. No. 6 at 2). The prison issued its Step One response on January 14, 2015, noting that an investigation was pending. (Id. at 3). Plaintiff indicated at Step One that he agreed with the Step One response, and he did not appeal to Step Two. (Id.). On January 15, 2015, Plaintiff filed a second grievance based on the same alleged excessive force incident. (Doc. No. 4 at 2). The prison's Step One and Step Two responses are both dated January 23, 2015 and the Step Two response indicates that an investigation into the alleged incident of excessive force is ongoing. (Id. at 3). By Plaintiff's own filings, then, he did not grieve his claim through all three steps of the grievance process before filing this action. A prisoner is not allowed to file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the

3

litigation is pending. See Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). This is because the prison must be allowed to attempt to resolve the claim with a prisoner before the prisoner files a lawsuit in federal court. See Jones v. Beck, 549 U.S. 199, 214 (2007) ("Requiring exhaustion allows prison officials to resolve disputes concerning the exercise of their responsibilities before being haled into court."). Thus, this action must be dismissed for failure to exhaust administrative remedies. Once Plaintiff has exhausted his administrative remedies, he may refile this action if he so wishes.

### IV. CONCLUSION

Plaintiff's Complaint will be dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

(2) Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

(3) The Clerk of Court is directed to close this case.

Signed on: 02/03/2015

Frank D. Whitney
Chief United States District Judge